IN RE PETITION OF HARM DE JONGE.

HARM DE JONGE, APPELLEE, v. SCHOOL DISTRICT OF THE VILLAGE OF BLOOMINGTON, NO. R-1 OF FRANKLIN COUNTY, NEBRASKA, ET AL., APPELLANTS.

139 N. W. 2d 296

Filed January 4, 1966.   No. 36019.

Meier & Goossen, for appellants.

Martin & Stirtz and Sprague & Sprague, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an appeal from the granting of an application to transfer land from the school district of the village of Bloomington, No. R-1 in Franklin County, hereinafter referred to as R-1, to the school district of the village of Hildreth, No. R-37 in Franklin County, hereinafter referred to as R-37, pursuant to the provisions of section 79-403 (2), R. S. Supp., 1963.

Section 79-403 (2), R. S. Supp., 1963, which will hereinafter be referred to as subsection (2), provides as follows: "Any freeholder or freeholders, person in possession or constructive possession as vendee pursuant to

a contract of sale of the fee, holder of a school land lease under section 72-232, or entrant upon government land who has not yet received a patent therefor may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any land described therein set off from the district in which it is situated and attached to some other district. The petition shall state the reasons for the proposed change and show: (a) That the land therein described is either owned by the petitioner or petitioners or that he or they hold a school land lease under section 72-232, are in possession or constructive possession as vendee under a contract of sale of the fee simple interest, or have made an entry on government land but have not yet received a patent therefor; (b) that the territory proposed to be attached has children of high school age residing thereon with their parents or guardians; (c) that the land described therein is located in a nonaccredited high school district, and is to be attached to an accredited high school district; and (d) that such petition is approved by a majority of the members of the school board or board of education of the district to which such land shall be attached. All procedures as provided in subsection (1) of this section shall apply to this subsection except that the board shall in this instance change the boundaries where it is found that all provisions as herein set forth have been met."

A petition was filed by Harm De Jonge, hereinafter referred to as De Jonge, alleging ownership of the land which is located in R-1, a nonaccredited district, requesting permission to attach said land to R-37, an accredited district; alleging the residence thereon of children of high school age; alleging the reason for the request is that the children will receive a better education in R-37 because of better teachers, better facilities, and a better curriculum; and further alleging that a majority of the board members of R-37 had approved the transfer and signed the petition.

The objectors filed a lengthy answer which may be briefly summarized by stating that the transfer would be detrimental to the best educational interests of the objectors and all of the children of school age who reside in R-1 as well as on the land in question, and that subsection (2) is unconstitutional.

The case was tried on a stipulation of facts, which was offered and received in evidence. The stipulation in essence provided as follows: That exhibit 1 attached thereto is a copy of the original petition filed by the petitioner with the county superintendent, the county clerk, and the county treasurer of Franklin County, Nebraska, who after a hearing thereon granted the change requested by said petition; that exhibit 2 is a copy of the notice of the hearing on the petition which was published as shown by the proof of publication in said exhibit, and that copies of said notice were also posted on the doors of the schoolhouses involved; that R-1 is an approved high school district but is not an accredited high school district, but is attempting to qualify for such rating; that R-37 is an accredited high school district and that a majority of the board of education of said school district have approved the transfer of the land described in the petition to that school district; that De Jonge is the owner of the land described in the petition, that a child of high school age resides on said land with his parents, and that said child is at the present time attending high school in R-37; that exhibits 3 and 3-a are maps showing the location of the real estate described in the petition within the boundaries of R-1; and that the objectors are resident freeholders of R-1.

The district court came to the same conclusion as the local tribunal, and attached the land to R-37. The objecting freeholders on behalf of R-1 as appellants have perfected an appeal to this court. They will hereafter be referred to as appellants.

Appellants allege five assignments of error which for purposes of discussion herein may be narrowed to the

only two argued in the brief: (1) The court erred in finding that the evidence was sufficient to support the judgment; and (2) the court erred in holding that subsection (2) is constitutional.

Appellants argue that under the statute the only matter the board and the district court on appeal inquire into is whether petitioner has made the allegations required by subsection (2); that no evidence was offered to support material and controverted allegations of the petition; and that there is no finding that the allegations of the petition are true. We do not so interpret the statute or the record. The statute specifically provides that: "* * * the board shall * * * change the boundaries *where it is found* that all provisions as herein set forth have been met." (Emphasis supplied.) The word "found" requires a review of evidence and certainly cannot be interpreted to read "alleged" as would be necessary under appellants' interpretation.

The petition filed herein states the reasons for the requested change, and subdivisions (a), (b), (c), and (d) of subsection (2), which are covered in the allegations of the petition, are affirmatively established by the stipulation of facts. The petition, which is positively verified, is attached to, identified, and filed with the stipulation and became a part of the record without objection or qualification. Objectors offered no evidence, and except for their own status none of the allegations of their answer are covered in the stipulation of facts. Most of their allegations, however, are discussed herein.

As to a finding by the trial court, the journal entry is as follows: "Now on this 23rd day of July, 1964, by agreement of the parties, Stipulation of June 4th, 1964, filed June 8th, 1964, was offered in evidence, admitted and ordered filed. Parties being present in Court by their attorneys, the Court finds generally for the applicant, Harm DeJong (sic), and orders that the Northeast Quarter (NE¼) of Section Thirty two (32), Township Three (3) North, Range Fifteen (15), Franklin

County, Nebraska, be set off from School District No. R-1 of Franklin County, Nebraska, and be attached to School District No. R-37 of Franklin County, Nebraska, and that costs herein be attached to the objectors.

"It is therefore ordered, adjudged and decreed that the Court finds generally for the applicant Harm DeJong (sic), and that the Northeast Quarter (NE¼) of Section Thirty two (32), Township Three (3) North, Range Fifteen (15), Franklin County, Nebraska, be set off from School District R-1 of Franklin County, Nebraska, and be attached to School District No. R-37 of Franklin County, Nebraska, and that the objectors pay the costs herein." There is no merit to the appellants' contention on the sufficiency of the evidence.

Appellants complain that there is no evidence that the change of boundaries is in the public interest, or that it is in the interest of the public health, convenience, and welfare. Appellants overlook the fact that the Legislature itself made these determinations in weighing the advantages of an accredited high school over one not accredited, and these determinations are not a part of the required proof.

We need not speculate on the legislative intent of subsection (2). We are not unmindful of the fact that in this time of educational emphasis, meeting college entrance requirements is becoming increasingly important. The high school graduate from a school which for many of several reasons cannot gain accreditation in most instances will be at a disadvantage when competing for college entrance with graduates of accredited high schools. The Legislature may well have decided that the public welfare demanded a method by which those high school students resident in nonaccredited high school districts could attend high schools which had met the higher standards required for accreditation.

Appellants also argue that there is no evidence that R-37 maintained facilities nearer and more convenient to petitioner's residence. Actually, the facilities in R-1

are much closer to the land in question than those of R-37. In this respect, we also note that the land in question is not contiguous to any portion of R-37, but will be entirely surrounded by land attached to R-1. These facts may be relevant in subsection (1) of section 79-403, R. S. Supp., 1963, but are not incorporated into subsection (2), which is concerned solely with the attachment of land in nonaccredited high school districts to accredited high school districts.

If, as appellants suggest, subsection (2) will destroy nonaccredited high school districts, that is a matter for legislative discretion. We have often said that the fixing of boundaries of school districts is exclusively a legislative function. See McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480.

Article VII, section 6, Constitution of Nebraska, provides: "The legislature shall provide for the free instruction in the common schools of this state of all persons between the ages of five and twenty-one years."

The state is supreme in the creation and control of school districts and may as it thinks proper, modify or withdraw any of their powers, or destroy such school districts without the consent of the residents thereof, or even over their protests. See Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656. This includes the power to permit the transfer of property from a nonaccredited high school district to an accredited one, without regard to whether said property is contiguous to the accredited high school district.

Appellants further argue that this is not a case involving a change of boundary recommended by a public body, but is rather a change of boundary proposed by a private petitioner and constitutes a delegation of legislative power to an individual. They quote language from Elliott v. Wille, on rehearing, 112 Neb. 86, 200 N. W. 347, to suggest that even in cases where the Legislature has properly authorized private individuals to fix boundaries, there must be some provision for deter-

mining whether the action is for the public health, convenience, or welfare. That case involved the formation of a public power district, is not analogous to the situation herein, and has no application in any way.

The fixing of boundaries of school districts is exclusively a legislative function, but it may properly be delegated provided the Legislature prescribes the manner and the standards under which the power may be exercised. McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480. We determine that in subsection (2) the Legislature has prescribed the manner and the standards. A petition must be filed with a designated board giving reasons for the request and four specific standards or requirements must be met to entitle a freeholder to the right to request a transfer of the land. These requirements are keyed to the educational welfare of the children resident on the land. It is true that a landowner must take affirmative action if his land is in a nonaccredited high school district and he wishes the children resident thereon to have the benefit of an accredited high school. This in no sense can be considered a delegation of legislative power. After he files his petition, the designated board must find compliance with the jurisdictional requirements of the act before it is required or permitted to grant the transfer. Contrary to appellants' contentions, the duties of this board are purely administrative in determining whether certain facts exist which the Legislature has decided entitles a petitioner to have his land transferred. The board in no sense exercises legislative discretion. It is the law which works the desired change, not the board. The board merely facilitates the execution of the legislative process.

Appellants also argue that subsection (2) purports to delegate the legislative function of changing the boundaries of school districts to the district court. What has been said heretofore is a sufficient answer to this contention. The court does not fix boundaries. It merely

inquires into and determines whether or not the evidence produced shows a sufficient compliance with the procedure and statutory requirements to justify the transfer.

Appellants argue subsection (2): "* * * is unconstitutional because it uses an arbitrary and vague criterion, distinction of classification of high school districts, when it states the land located in a 'non-accredited high school district' shall arbitrarily be transferred to an 'accredited high school district.'"

Section 79-328, R. S. Supp., 1963, and section 79-1247.02, R. R. S. 1943, relate to the accreditation of high schools. Appellants argue these statutes authorize the State Board of Education and the State Department of Education to provide rules and procedures for the accreditation of high schools, but contend that neither of them nor any statute in pari materia with them establishes any standards or limitations for such certification as are required to meet the provisions of Article II, section 1, and Article III, section 1, Constitution of Nebraska. There is no merit to appellants' contention. Appellants ignore the fact that this specific issue has been previously determined adversely to their contentions in School Dist. No. 8 v. State Board of Education, 176 Neb. 722, 127 N. W. 2d 458. We there held subdivision (5) (c) of section 79-328, R. S. Supp., 1961, which permits the State Board of Education through the Commissioner of Education, to: " "* * * establish rules and regulations based upon the program of studies, guidance services, the number and preparation of teachers in relation to the curriculum and enrollment, instructional materials and equipment, science facilities and equipment, library facilities and materials, health and safety factors in buildings and grounds, and procedures for classifying, approving, and accrediting schools, for approving the opening of new schools, for the continued legal operation of all schools, * * *'" is not invalid in that it confers legislative powers upon the State Department of

Education in violation of Article II, section 1, of the Constitution of Nebraska.

In Meyerkorth v. State, 173 Neb. 889, 115 N. W. 2d 585, we held that section 79-1247.02, R. R. S. 1943, did not go beyond protecting the interests of the state in education, and determined that said statute and others in pari materia therewith were not unconstitutional.

As heretofore stated, the Legislature has the authority to provide for the transfer of land from nonaccredited to accredited high school districts, and subsection (2) which accomplishes that purpose adequately prescribes the manner and standards under which that power is to be exercised. We determine subsection (2) to be constitutional as applied to the facts herein.

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.