CHAUNCEY B. HALL ET AL., APPELLANTS, v. ALICE B. SIMPSON, COUNTY SUPERINTENDENT OF LINCOLN COUNTY, NEBRASKA, ET AL., APPELLEES.

171 N. W. 2d 805

Filed November 14, 1969. No. 37260.

Baylor, Evnen, Baylor, Urbom & Curtiss and Robert T. Grimit, for appellants.

W. R. Mullikin, Fred J. Schroeder, and Beatty, Morgan & Vyhnalek, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiffs asserted that orders made by county superintendents for dissolution of four school districts and attachment of the territories to another district were ineffective. Their contentions were: The orders rested on a statute that was not applicable; the title to the statute did not clearly express the subject; and the statute violated federal and state guarantees of due process of law. The district court found against plaintiffs, dismissing the petition. Plaintiffs have appealed.

Prior to the superintendents' orders six school districts were classified as follows: Nos. 23 and 70 of Lincoln County and Nos. 9 and 77 of Frontier County were Class I, maintaining only elementary grades; No. 46 of Frontier County was Class II, maintaining both elementary and high school grades; No. 120 of Lincoln and Frontier Counties was Class VI, maintaining only a high school; and the Class I districts lay entirely within district No. 120.

The superintendents ordered dissolution of the Class I districts and attachment of the territories to district No. 46 between April 25, and July 1, 1967. The orders concluded proceedings taken under L.B. 892, Laws 1965, c. 510, p. 1629, then sections 79-426.23 to 79-426.26, R. R. S. 1943. L. B. 892 provided for the following: (1) Initiation of the proposal on petitions signed by 25 percent of the Class I district's voters; (2) approval by the other district's board and a reorganization committee; and (3) approval by a majority of voters at a special election in the Class I district. Upon notification of voter approval the county superintendents were to advertise a hearing in regard to the proposal. After the hearing and upon a determination of compliance with all statutory requirements they were to order the changes.

The superintendents' orders did not satisfy L.B. 261, Laws 1963, c. 472, p. 1514, then section 79-402, R. R. S. 1943, which provided in part: "The county superintendent shall . . . change the boundaries of any district

upon petitions signed by sixty per cent of the legal voters of each district affected; Provided, . . . that . . . when a Class I school district, which is entirely within a school district of the sixth class, is taken from a Class VI school district, it will be deemed to be an affected district . . . . The county superintendent shall . . . advertise and hold a hearing to determine the validity and sufficiency of the petitions. Upon determination, as a result of the hearing, that valid signatures of at least sixty per cent of the . . . voters of each district are contained in the . . . petitions, or at least sixty-five per cent if the proposal has been disapproved by both the state and county committees, the county superintendent shall . . . effect the changes . . . ."

L.B. 261 and L.B. 892 differed in provisions for petition, election, and nature and scope of the hearing before the county superintendent. The statutes were independent of each other so that L.B. 892 was applicable to district No. 120 without reference to L.B. 261.

The Constitution of Nebraska, Article III, section 14, requires the title to express clearly the subject of a legislative bill. L.B. 892 was enacted with this title: "AN ACT relating to schools; to provide additional procedures, as prescribed, for the dissolution of an existing Class I or II school district and the attachment thereof to an existing Class II, III, IV, or V district . . . ." Plaintiffs contend the title was defective for lack of reference to Class VI districts. The purpose of the title, however, was to describe the subject, not to synopsize the contents or every conceivable consequence. Chaloupka v. Area Vocational Tech. School No. 2, *ante* p. 196, 165 N. W. 2d 719 (1969). The title to L.B. 892 was sufficient.

L.B. 892 did not provide for a hearing at the preelection stage. It required a hearing at the postelection stage, but the requirement precluded disputes over sufficiency of petitions to initate proposals. Plaintiffs contend that lack of a hearing on such disputes violated procedural due process.

The legislative function in transfer of land among school districts is unaffected by constitutional guarantees of procedural due process. The initial decision concerning change of school district boundaries does not resolve disputes of adjudicative fact unless the Legislature has provided otherwise. Chaloupka v. Area Vocational Tech. School No. 2, *supra;* Frye v. Haas, 182 Neb. 73, 152 N. W. 2d 121 (1967); School Dist. No. 23 v. School Dist. No. 11, 181 Neb. 305, 148 N. W. 2d 301 (1967).

If the Legislature authorizes a public hearing, due process may demand that the hearing be full. One element of a full hearing is "ample opportunity . . . (for) all parties . . . to establish the propriety or impropriety, from the standpoint of justice and law, of the step asked to be taken." The New England Divisions Case, 261 U. S. 184, 43 S. Ct. 270, 67 L. Ed. 605 (1923).

Fairness to plaintiffs did not necessitate provision for a preelection hearing or for a postelection inquiry into the sufficiency of the petitions. "Great constitutional provisions must be administered with caution. Some play must be allowed for the joints of the machine, and it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts." Missouri, Kansas & Texas Ry. Co. v. May, 194 U. S. 267, 24 S. Ct. 638, 48 L. Ed 971 (1904).

The judgment is affirmed.

AFFIRMED.