SCHOOL DISTRICT OF GERING, IN THE COUNTY OF SCOTTS BLUFF, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, V. DONALD C. STANNARD ET AL., APPELLEES, CHARLES A. GEIL, INTERVENER-APPELLANT.

228 N. W. 2d 600

Filed May 1, 1975. No. 39733.

Wright & Simmons, for appellant and intervener-appellant.

Robert O. Hippe, W. H. Kirwin, and G. Randolph Reed, for appellees Stannard et al.

Van Steenberg, Brower, Chaloupka & Mullin, for appellee School Dist. No. 8.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, CLINTON, and BRODKEY, JJ., RIST, District Judge, and KUNS, Retired District Judge.

RIST, District Judge.

This is an action brought by the School District of Gering against certain county officers, the committee for the reorganization of school districts and School District No. 8, all of Scotts Bluff County, Nebraska. Plaintiff's amended petition sets forth two causes of action. The first is for an accounting of school taxes levied and collected on a certain tract of real estate alleged to have been assessed in School District No. 8,

and seeks the payment thereof to plaintiff district. The second is for a declaratory judgment determining the transfer of said tract from plaintiff district to School District No. 8 to be void. One Charles A. Geil, claiming to be a legal voter and taxpayer of plaintiff district, moved to intervene in said action seeking the same relief as plaintiff. The District Court denied intervener's motion to intervene and sustained demurrers to plaintiff's amended petition and dismissed said petition. Plaintiff and intervener have perfected appeal to this court.

The causes of actions of plaintiff and intervener are pleaded in identical terms, the following allegations of which are deemed material, as set forth in the petition and the exhibits attached thereto: Plaintiff district was and is an accredited Class III school district and defendant School District No. 8 was and is a nonaccredited Class I school district. On May 22, 1967, the City of Gering (located within the boundaries of plaintiff district) was the owner of a certain tract of real estate, hereinafter referred to as the tract, and sought to have said tract detached from plaintiff district and transferred to and made a part of School District No. 8. By a duly adopted resolution, the board of education of plaintiff district approved such transfer and resolved that a petition signed by plaintiff district be presented to the county superintendent of Scotts Bluff County petitioning for the same. No petition as such was so filed but a certified copy of the resolution was. Petitions signed by legal school voters of School District No. 8 were also filed with said county superintendent petitioning for such transfer of property. Appropriate lists of legal school voters were also filed. The proposed transfer of said tract to School District No. 8 was submitted for consideration to both the county and state committees for school district reorganization; public hearing was held with respect thereto; and the petition and resolution then filed with the county super-

intendent, who, on July 31, 1967, after hearing thereon, determined the petition and resolution legally sufficient and ordered the requested change in school district boundaries effective that date. The treasurer, assessor, and clerk of Scotts Bluff County thereafter acted in accordance with the order of the county superintendent and taxes were levied and collected against said tract for School District No. 8. The petition contains other allegations which are not deemed material unless subsequently noted herein.

On December 28, 1973, at the apparent request of intervener Geil, plaintiff commenced this action.

We consider first the action of the trial court sustaining demurrers to plaintiff's amended petition and dismissing the same, which demurrers allege that said petition does not set forth facts sufficient to constitute a cause of action; that the action is barred by the statute of limitations as set forth in section 79-1108, R. R. S. 1943, as amended by Laws 1974, L.B. 592; and that plaintiff's action is an impermissible, collateral attack on the action of the county superintendent.

We follow the rule that an appeal from a judgment of dismissal after a general demurrer to a petition has been sustained presents for decision the sufficiency of the facts well pleaded by the petition to state a cause of action. Buford v. Dahlke, 158 Neb. 39, 62 N. W. 2d 252.

With respect to plaintiff's first cause of action seeking an accounting of tax money collected on the tract and for payment thereof to plaintiff district, the trial court correctly sustained the demurrers. There are no allegations in the amended petition of any levy on the tract involved for plaintiff district or of taxes so collected thereon which plaintiff district has not received. Neither are there any allegations that School District No. 8 received or had the use of money levied and intended for plaintiff district. Factual allegations of this nature would be necessary to state a cause of action for an accounting and payment of funds.

The rule set forth in the case of School Dist. No. 8 v. School Dist. No. 15, 183 Neb. 797, 164 N. W. 2d 438, is applicable: "The authorities sustain the rule that money received by one school district from lands apparently, but not legally, within its exterior boundaries, levied and collected for its uses and purposes and devoted to its uses and purposes, cannot be recovered by a district within whose territory the lands actually lie, where no levy had been made or taxes collected for its uses and purposes, and where both districts involved obtained exactly the amount of money for which their budget called, and neither district obtained or had the use of money intended for the other."

With respect to plaintiff's second cause of action seeking a declaratory judgment that the transfer of the tract from plaintiff district to School District No. 8 is void, several issues must be considered.

The proceedings in 1967 which purported to transfer the tract to School District No. 8 were those provided for in section 79-402, R. R. S. 1943. This statute provides for the filing of petitions, by at least a stated percentage of legal voters of the districts involved, requesting such transfers. Where the change affects a Class III district, the board of education of such district may so petition. After review and recommendation by the county and state school reorganization committees, whose recommendations are advisory only, Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599, and public hearing on such recommendations, the petitions are filed with the county superintendent of schools who, after notice, holds a hearing to determine the sufficiency of the petitions. If the petitions are legally sufficient, the statute provides that: "the county superintendent shall proceed to effect the changes in district boundary lines as set forth in the petitions."

This court has considered such proceedings on many occasions. It has held that the hearing by the county superintendent to determine the sufficiency of the pe-

titions is judicial in nature, Cacek v. Munson, 160 Neb. 187, 69 N. W. 2d 692; that if the petitions are legally sufficient, the county superintendent has the jurisdiction and the mandatory duty to order the requested change in boundaries, Cacek v. Munson, *supra*; that judicial review of the county superintendent's action is by petition in error and that such proceedings may be attacked collaterally when such proceedings are void and the county superintendent lacks jurisdiction, State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626; and that evidence involving other matters relating to convenience, travel, and propriety and expediency is irrelevant and immaterial in such proceedings as such matters are for the decision of the petitioners involved and not for the county superintendent to pass upon, School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429.

It is clear that plaintiff's second cause of action constitutes a collateral attack on the action of the county superintendent and the question is whether this cause of action alleges facts which, if true, show the action of the county superintendent to be void and that he was without jurisdiction to act. This involves a consideration of whether there was an effective petition from plaintiff district, and of section 79-1108, R. R. S. 1943, and the effect, if any, of the amendment thereof by L.B. 592.

Plaintiff contends there was no petition from the board of education filed with the county superintendent and that the resolution is insufficient for this purpose. We disagree. The resolution clearly approves and requests the transfer of the land and it was filed. We follow our holding in Schroeder v. Oeltjen, 184 Neb. 8, 165 N. W. 2d 81, that: "In determining the sufficiency of the proceedings had under the statute, the substance and not the form of the instrument controls." The filing of the resolution was sufficient.

At the time of the superintendent's action in 1967, section 79-1108, R. R. S. 1943, provided as follows: "No

transfer of property from an accredited school district to a nonaccredited school district of any class shall be permitted." This statute clearly and unequivocally prohibited the transfer of land from an accredited to a nonaccredited school district. Plaintiff's amended petition alleges this is what occurred; the exhibits attached thereto show this situation was called to the attention of the county superintendent and it is a matter in which the superintendent had no discretion or authority to act as the requested change in school boundaries clearly contravened this section. The limitations set forth in this statute are of general application to proceedings for the transfer of lands between school districts, Pribil v. French, 179 Neb. 602, 139 N. W. 2d 356, and would apply to proceedings under section 79-402, R. R. S. 1943. We conclude therefore that the action of the county superintendent was void and therefore subject to collateral attack unless the amendment of section 79-1108, R. R. S. 1943, by L.B. 592 bars plaintiff's action.

L.B. 592, enacted with the emergency clause and effective February 20, 1974, creates a 4-year statute of limitations on actions to set aside transfers made in violation of section 79-1108, R. S. Supp., 1974, and concludes with the following sentence: "This provision shall apply to all transfers made prior as well as subsequent to the effective date of this act." It became effective if at all, after plaintiff commenced this action and while such action was pending in the District Court.

Defendants, citing De Jonge v. School Dist. of Bloomington, 179 Neb. 539, 139 N. W. 2d 296, contend that the state is supreme in the creation and control of school districts, may do what it believes appropriate with regard to them without the consent of the residents thereof or even over their protest, and that the legislative function in the transfer of school lands is unaffected by constitutional guaranties of procedural due process. Hall v. Simpson, 184 Neb. 762, 171 N. W. 2d 805. They conclude that the state may therefore enact a statute ter-

minating a pending legal action challenging a change in district boundaries.

There is no question that the Legislature has the plenary power described by defendants and had the Legislature fixed district boundaries by direct legislative action otherwise valid, defendants' conclusions would doubtless prevail. But this is not what happened. The procedures under section 79-402, R. R. S. 1943, were not repealed and still exist. The right of limited collateral attack still exists. The amendment contained in L.B. 592 of section 79-1108, R. R. S. 1943, sought only to place a time limitation on legal action challenging boundary changes, which amounts to legislative recognition that such actions are accepted and proper procedures. L.B. 592 did not fix or establish any school district boundaries.

This court has held that the Legislature may authorize the organization of school districts and boundary changes thereof by private individuals acting within prescribed guidelines and procedures established by the Legislature. When this course of action is permitted, however, the Legislature must accept the requirement of procedural due process. In Lindgren v. School Dist. of Bridgeport, *supra,* this court held: "The fixing of boundaries of school districts is a legislative function. The Legislature may, in the exercise of its control over school district boundaries, provide a method for changing such boundaries, and the method provided may properly authorize such change to be initiated by petition * * *. Such a method must, however, provide a means for determining whether the proposed change in boundaries is for a public purpose, and a means by which an aggrieved property owner, whose property is injuriously affected, may have his rights judicially determined." The judicial determination of rights includes the right of appellate review including the right of appeal to the court of last resort. Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566. See, also, Hall v. Simpson, *supra.*

This court has also had occasion to determine when rights accrue in school district boundary proceedings. In Clark v. Sweet, 187 Neb. 232, 188 N. W. 2d 889, which involved a boundary change by petition under section 79-403, R. R. S. 1943, it was held that: "Such rights as are granted by the statutes can be terminated by the Legislature up until the time the board had acted and the boundary changes had been actually accomplished." The same rule would be applicable to proceedings under section 79-402, R. R. S. 1943. In the instant case, not only had the county superintendent acted in a quasi-judicial capacity to fix boundaries, but this action was pending at the time L.B. 592 became effective. We conclude that plaintiff's rights had accrued prior to the amendment contained in L.B. 592 and the Legislature was without authority to terminate the same during the pendency of legal action with respect to those rights, where the Legislature was not fixing district boundaries by direct legislative action otherwise valid.

It is appropriate to note that L.B. 592 was passed with the emergency clause, and provided for no period after passage within which accrued rights might be asserted. This court in Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc., 192 Neb. 431, 222 N. W. 2d 125, held that "* * * no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action before these claims are absolutely barred by a new enactment."

Defendants assert that plaintiff is estopped from attacking the action of the county superintendent and argue in their brief that this rests upon plaintiff's acquiescence of the change in boundaries for something over 6 years. We find and determine that the time involved between the superintendent's action and the institution of these proceedings is insufficient to invoke any such doctrine. Nor are we directed to any allegations in the amended petition that would give rise to the imposition of estoppel on other grounds.

Defendants assert that L.B. 592 is a curative act and as such may have immediate application, including application to pending litigation. The parties agree that the distinction between a curative act and a statute of limitations is that the former is enacted to cure past irregularities which are not jurisdictional and the latter to bar any right, however high its source. Since we have decided that the defect alleged in plaintiff's amended petition was jurisdictional, and not just an irregularity, whatever curative aspect may be included in L.B. 592 would not apply in this case.

We turn now to intervener who was denied leave to file his petition in the trial court. Defendants contend that intervener has no standing in this action as plaintiff district is prosecuting the same in good faith and, in such circumstances, a taxpayer may not intervene. Intervener alleges he is a legal voter and taxpayer of plaintiff district and seeks to intervene on behalf of himself and others similarly situated, and adopts, by reference, all plaintiff's amended petition as his own.

While the authority of plaintiff district to maintain this action is not before us and therefore not a proper matter for consideration, this court has repeatedly held that legal school voters of school districts involved in district boundary proceedings have the right to maintain legal action with respect thereto in their own names. We do not find any requirement that they first seek the institution of such action by the school district. This is particularly true of proceedings under section 79-402, R. R. S. 1943. See, Cacek v. Munson, *supra*; State ex rel. Larson v. Morrison, *supra*. We hold in these circumstances that the intervener should have been permitted to intervene and the trial court erred in denying his motion.

In view of our holdings herein we do not find it necessary to decide other questions raised in the briefs filed in this cause.

We therefore affirm the dismissal of plaintiff's first

cause of action, reverse the dismissal of plaintiff's second cause of action, and reverse the denial of intervener's motion to intervene. This cause is remanded for further proceedings in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS.